ARCH McGREGOR, Appellant, v. J. B. HAMPTON, Defendant; M. C. CANTRELL, Respondent.

Kansas City Court of Appeals, April 5, 1897.

1. **Executions:** THIRD PERSON'S CLAIM OF SEIZED PROPERTY: FEDERAL JURISDICTION: RES ADJUDICATA. Where a claim is made for property seized under execution by a United States marshal as provided in section 4928, Revised Statutes, 1889, and the plaintiff in the execution gives the bond of indemnity which the marshal returns to the clerk, the federal court thereby obtains jurisdiction under the statute and the claimant's claim stands for his petition as in a civil suit to which the plaintiff in the writ must answer or demur; and, if upon such answer or demurrer the plaintiff fails to prosecute, a trial may be had and the judgment on such trial is conclusive between the parties and bars a subsequent action brought by the claimant against the purchaser at an execution sale. The statute reviewed and provisions in regard to judgment *held* not to interfere with the preceding construction.

2. **Judgments:** CERTIFICATION OF FEDERAL: STATUTE CONSTRUED. Neither the act of congress as to the authentication of judgments of courts, nor section 4881, Revised Statutes, 1889, applies to the judgments of federal courts when offered in evidence in the courts of the states where such federal courts sit; and in such states the certificate of the clerk is sufficient without a further certificate from the judge that the attestation is in due form.

3. **Partition**: PARTIES: STATUTE. Under the statute governing partition of real or personal property in this state, anyone claiming an interest in the property to be partitioned may be made a party.

*Appeal from the Holt Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*G. M. Sebree* and *Frank P. Sebree* for appellant.

(1)  An interplea is in the nature of a replevin suit engrafted on the action of attachment, and can not be maintained in a partition suit.   The action is allowed only in attachment suits, where the personal property of some other person than the defendant has been seized.   R. S. Mo. 1889, sec. 572. The court had no jurisdiction to try the interplea in this case, and therefore erred in overruling plaintiff's demurrer to the evidence, and in not sustaining the motion in arrest. *Gordon v. McCurdy*, 26 Mo. 305; *Wimer v. Pritchart*, 16 Mo. 252.   (2)   If this suit of *McGregor v. Hampton* had been an attachment suit the interpleader could not have maintained his action, and the judgment rendered by the circuit court could not be upheld, for the reason that the interpleader only claimed an undivided two thirds interest in the property.   *Spooner v. Ross*, 24 Mo. App. 599.   (3)   The transcripts of the judgments and proceedings of the United States circuit court offered in evidence by the plaintiff were excluded by the trial judge for the reason that they were not properly authenticated.   The first part of this section is virtually a copy of the act of congress in relation to the authentication of laws and records.   R. S. Mo., sec. 905, p. 2068.   This act of congress, and the statutes of other states based thereon, has been construed time and again by the state and federal courts during the last century.   And, without exception, it has been

held that the statute does not apply to the authentication of records of a federal court, for use in a state court, in the same state where such federal judgment was rendered, nor *vice versa*. Underhill on Evidence, sec. 148, at p. 225; *Turnbull v. Payson*, 95 U. S. Supreme Court, 218; *Adams v. Way*, 33 Conn. 419; *Williams v. Wilkes*, 14 Pa. St. 228; *Mewster v. Spaulding*, 6 McLean, 24. (4) When the abstract books were levied on by the marshal, Cantrell gave a notice in writing verified by his affidavit. He claimed the two thirds interest in the property, as provided by section 4927, Revised Statutes, Missouri, 1889. The execution creditor gave a bond, and this bond with the claim was returned by the marshal, with his execution, to the United States court. The plaintiff filed an answer to the claim. The case was regularly docketed and tried, and the judgment rendered against Cantrell. This judgment constituted a bar to his recovery in this suit. This section of our statutes has been construed, and the effect of a judgment on a claim of this sort passed upon already by the Kansas City court of appeals, and held to be as conclusive as a judgment in any other judicial proceeding. *Stevens v. Springer*, 23 Mo. App. 375; *Lloyd v. Tracey*, 53 Mo. App. 175.

*Goode & Cravens* for respondent.

(1) Cantrell's relation to the partition suit does not perhaps entitle him to be designated as "interpleader," but this is unimportant. He was properly made a party on his verified application. R. S. 1889, chap. 123, art. 2, sec. 7192; R. S. 1889, sec. 7137. (2) No objection was made to Cantrell's becoming a party. Hence, if he has been improperly made such, the objection is not now available. Nor could it be raised by general demurrer to the evidence. *Pettingill v.*

*Jones,* 21 Mo. App. 210. (3) The transcripts of proceedings in the United States circuit court for the western district of Missouri were properly excluded, not being authenticated in the manner required by law, as they lacked the certificate of the judge that they were in due form. The statute is clear on this point. It says, "any court of the United States or of any state." R. S. 1889, sec. 481. (4) The so-called case which the transcript in *Cantrell v. Springfield Hardware Co.* disclosed was a nullity, as Cantrell had executed no forthcoming bond to the marshal and the books had been sold. *State ex rel. v. McBride,* 81 Mo. 355.

ELLISON, J.—The plaintiff in this suit purchased an undivided two thirds' interest in a set of abstract books at an execution sale under a writ issued from the United States circuit court. He then instituted this action for partition against H. C. Loyd, the owner of the other one third interest. While the suit was pending the present defendant Hampton, having purchased Loyd's interest was, on his own motion, substituted as party defendant. M. C. Cantrell, styled in the record as interpleader, at about the same time filed what is termed an interplea, claiming the two thirds' interest claimed by plaintiff, and the present contest is really between this plaintiff and Cantrell, each claiming to be the owner of the two thirds' interest. Plaintiff's title, as before stated, is through the execution sale from the federal court. One Phillips was the original plaintiff in the execution, though he, having assigned the judgment to the Springfield Hardware Company, that company became the plaintiff. One Donham was the defendant in that execution and when the two thirds' interest in the abstract books was levied upon by the federal marshal as the property of Donham, Cantrell notified the marshal in

writing, as provided by section 4297, Revised Statutes, 1889, that he was the owner of the two thirds' interest. The marshal thereupon, as is provided in said section, notified the hardware company of Cantrell's claim and that he would release the books unless the company gave him an indemnifying bond. The company furnished the bond and the marshal, in due time, sold the books to this plaintiff as before stated. The marshal also, as the statute directs (section 4298), returned Cantrell's claim and the hardware company's bond to the federal court. The case was there docketed, as provided by said statute. The hardware company filed its answer to the claim denying it; and the case coming on to be heard, Cantrell, the claimant, failed to appear and the cause was submitted to a jury on the issue thus raised between the claim made to the marshal by Cantrell and the answer, viz., whether the books levied upon were Cantrell's. The verdict and judgment thereon were against Cantrell.

In the trial of this cause plaintiff set up that Cantrell had no title and that his claim was *res adjudicata*, it having been decided against him in the federal court, and offered the judgment of the federal court aforesaid in evidence. The court below excluded it. Two reasons are assigned by Cantrell in justification of the action of the trial court: *First*, that the federal court was without jurisdiction to try Cantrell's title—that there was no authority for a court to try a claimant's title unless he, in his turn, gave bond to the officer making the levy and had possession of the property. *Second*, that the copy of the judgment of the federal court was not certified to by the judge of that court, that it was only authenticated by the certificate of the clerk of that court.

In our opinion neither ground can be supported. The statute aforesaid (which applies to procedure in

McGregor v. Hampton.

federal courts in this state) provides that where personal property levied on is claimed by a third party he may make written claim thereof to the officer, verified by affidavit. The officer then notifies the execution plaintiff of the claim and that he will release the property unless the plaintiff gives him an indemnifying bond. If the plaintiff gives such bond, then the officer will proceed to sell, unless the claimant will then give a forthcoming bond, in which case the claimant is entitled to the possession of the property and the execution is arrested. *Houx v. Shaw*, 18 Mo. App. 42. But if the plaintiff gives a bond and the claimant does not, the statute contemplates that the officer shall return the claim and bond into court where the matter is docketed as a cause for adjudication in regular course. The statute, section 4928, reads that: "The officer shall return the claim and such bond or bonds as shall have been taken by him, to the court, * * * and the clerk shall enter the matter upon the docket, as near as may be as civil cases are docketed, * * *. The execution creditor shall answer or demur to the claim returned by the officer * * * and the claimant may reply * * *. And all proceedings in relation to such claim shall be governed, as far as practicable, by the law relating to pleading and practice in civil actions * * *."

It is plain that by directing the officer to "return the claim and such *bond* or *bonds*" as he shall have taken, and directing that on such return by the officer the matter shall be docketed as a cause, and that it shall be tried as a civil case, the statute contemplated a case could be made upon a claim by the claimant and a bond by the plaintiff in the writ. It was not necessary to an issue between the parties that the claimant should *also* give a bond and take possession of the property.

*Margin note: EXECUTIONS: third person's claim of seized property; federal jurisdiction; res adjudicata.*

If a claimant should make a claim and the plaintiff should refuse to give a bond when notified by the officer of such claim, the officer would abandon the levy and surrender possession to the claimant and there would be no issue between the parties. The plaintiff's failure to give bond would be tantamount to a confession of the claimant's claim and there would be no case in court or cause for litigation. But if the plaintiff in the writ will, notwithstanding the claimant's claim, still assert his right to levy on the property and will give an indemnifying bond, there is, without more, an issue between the parties, as evidenced by the claim and the bond, which the officer is directed by the statute to return into court, where such issue must be tried as a civil case.

One of the reasons assigned by Cantrell's counsel in support of the contention that the claimant must also give bond before a case is made for the jurisdiction of the court, is based on the direction which the statute gives as to the kind of judgment which the court shall render. The statute provides, in the section last cited, that if judgment be for the claimant the court will order the property released to the claimant. That if it be for the plaintiff in the writ, it shall be against the claimant and his *sureties*, and the court shall order the property sold. There is no force in the point.

The fact that the statute reads that in case of judgment against the claimant it shall be against him and his *sureties*, and that the property shall then be ordered to be sold, only results from the object of the legislature to meet the case as it would present itself in the instances where the claimant had given bond with sureties and kept possession of the property. But in instances where the claimant had not given bond and retained possession of the property, and the property

had been sold by the officer, if the judgment was against him, it would be so entered, and would operate as an adjudication against his title, and protect the plaintiff and the officer in making the levy. It would be *res adjudicata*, as we decided in the case of *Stevens v. Springer*, 23 Mo. App. 375. In that case there had been but one bond given, though it is true the point as to jurisdiction of the court not attaching until the claimant had given bond, was not suggested. Again, the statute provides that if the judgment be for the claimant the court shall order the property released to him by the officer, thus, as is contended, contemplating that the property had not been sold, and that as it would be sold unless the claimant gave bond, it followed that a bond by the claimant was contemplated by the statute. Here we think a judgment was being directed in the instances where the facts of the case fit the direction. It was not intended to exclude any other kind of judgment when the facts were not those contemplated in the section and warranted some other judgment. It is not always that a clear and consistent reason for the wording of a statute will appear, especially if it be assumed that it was intended to apply to all states of fact which might arise under it. In the instance now in question, the statute reads that if the judgment is for the claimant, the court shall order the *officer* to release the property to him, thus seeming to contemplate that he had not given bond and did not already have possession of the property, and thus dissipating the theory on which counsel's contention is founded.

And so therefore our conclusion is that when a claim is made as provided by statute, and the plaintiff in the execution will thereupon execute a bond of indemnity and the officer returns such claim and bond to the clerk of the court, the court thereby obtains

jurisdiction under the statute, and the claimant's claim stands as and for his petition in a civil suit, to which the plaintiff in the writ must answer or demur. That if the plaintiff answers and the claimant fails to prosecute his claim, a trial may be had of the title to the property as was had in the federal court, and that the result of such trial is conclusive on the parties. The question here was not in the cause of *Mastin v. McBride*, 81 Mo. 355, and nothing decided in that case is inconsistent with what is decided in this. The plaintiff here clearly has a right to the protection of that judgment since he is the purchaser under the execution sale in which Cantrell made his claim and lost.

2.    It is next claimed that the judgment was not properly authenticated. It was only attested by the certificate of the clerk with the seal of the federal court. It is contended that the judge of that court should have certified that the clerk's certificate was in due form. The act of congress as to the authentication of judgments of courts, that they may be received by courts of other states, is worded substantially with the first section of article 4, of the federal constitution. It is as follows: " * * * that the records and judicial proceedings of the courts of any states shall be proved or admitted in any other court within the United States, by attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate, as the case may be, that the said attestation is in due form." It is well settled that this statute does not apply to the federal courts. That they are "native" in all the states. That it did not apply to a record of a state court presented in a federal court or *vice versa*. Underhill, Ev., sec. 148; *Turnbull v. Payson*, 95 U. S. 418; *Adams v. Way*, 33

*(margin note: JUDGMENTS: certification of federal; statute construed.)*

Conn. 419; *Williams v. Wilkes*, 14 Pa. St. 228; *Mewster v. Spaulding*, 6 McLean, 24.

But it will be noticed that the language of the statute just quoted is confined to state courts. The statute of this state, section 4881, which is what we must construe, includes courts of the United States. It reads that: "The records and judicial proceedings of any court of the United States, or of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding magistrate of the court, to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come." It is contended that the section covers records from all federal courts. Literally the language is broad enough to sustain such contention. But we do not believe it was intended to apply to the federal courts of the state in which the record of such court is offered. The language, "shall have such faith and credit given to them *in this state* as they would have *at the place whence the said records come*," plainly implies that the records have come from some other state of the United States. To make it apply to the federal courts of this state, in view of what the certificate of the judge must contain, would be unreasonable. The judge must certify, under this statute, that the clerk's certificate is in due form. It certainly was not intended that the judge of any other court should certify to a judge of a circuit court in this state that a clerk's certificate was in proper form under the laws of this state. It would, of course, be assumed that such judge would be competent to determine that matter for himself.

3. It seems that in all the proceedings Cantrell has been styled an interpleader and on this plaintiff

PARTITION: parties: statute. has made the point that he could not interplead for property on a suit for the partition of such property. Passing that point, we will say that in fact Cantrell is merely a party claiming an interest in the property sought to be affected. By the provisions of section 7192, Revised Statutes 1889, proceedings in partition of personal property are the same as in real property and it is provided by statute governing the latter, section 7137, that anyone claiming an interest in the property may be made a party. We think Cantrell, though perhaps not properly designated, was properly made a party to the cause.

The judgment will be reversed and cause remanded. All concur.