STATE OF MISSOURI, Respondent, v. J. R. WRIGHT, Appellant.

**Kansas City Court of Appeals, January 16, 1911.**

1. **INTOXICATING LIQUORS: Accomplice: Instructions.** One who purchases liquor from an unlicensed vendor is not an accomplice and the defendant is not entitled to an instruction on that subject.

2. **————: Habitual Drunkard: Impeachment.** A defendant being tried for selling intoxicating liquor without license, impeached the prosecuting witness by showing that he was an habitual drunkard, and the trial court gave an instruction requiring the jury to take the character of all the witnesses into consideration in passing upon their credibility. It was *held* that defendant could not complain of the refusal of an instruction calling special attention to the witness being a drunkard.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton, Judge.*

AFFIRMED.

*W. O. Jackson* for appellant.

*W. B. Dawson* for respondent.

ELLISON, J.—Defendant was convicted for selling intoxicating liquor in violation of the Local Option Law.

The witness relied upon by the state was the man to whom it is claimed defendant sold the liquor. Therefore, the point is made that he was an accomplice, and an instruction was asked stating him to be, and directing the jury to receive his evidence with caution on that account. The instruction was properly refused. One who purchases liquor sold without the seller being licensed, is not an accomplice as that term is known to the law.

The witness was also shown to be an habitual drunkard. It was ruled in State v. Grant, 79 Mo. 113, that that fact could be shown by way of impeachment. But it was not error to refuse an instruction especially calling the attention of the jury to that fact, when an instruction was given on the credibility of any witness and informing them that they should take into consideration his character.

There was a question as to threats being made against the prosecuting witness, tending to cause him to testify against defendant; and inducements being held out to him for the same purpose. These were sufficiently covered by an instruction and we think leaves no legal ground of complaint.

No objection was made to the action of the prosecuting attorney in causing the defendant to turn his face to the jury and no ruling was made thereon.

We find ourselves without legal ground to interfere with the conviction, and hence affirm the judgment. All concur.