STATE of Missouri, Respondent,

v.

Verne Nelson YOUNG, Appellant.

No. 49507.

Supreme Court of Missouri,

Division No. 2.

April 8, 1963.

Schrader & Schrader, Earl H. Schrader, Jr., Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Wayne W. Waldo, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Defendant was charged under the habitual criminal statute, Section 556.280 (all statutory references are to RSMo 1959, V.A.M.S.), with the offense of stealing property having a value of more than $50. After a jury verdict of guilty the trial judge sentenced defendant to confinement for six years. Defendant has appealed from the ensuing judgment, and he contends that he was entitled to have the punishment determined by the jury because there was no properly admitted evidence of a prior conviction.

Out of the presence of the jury the State offered three exhibits, admitted in evidence over the objection of defendant, as proof of a prior conviction of a felony in the State of Kentucky. Exhibit 8 is a photostatic copy of a document entitled "Judgment of Conviction" which purports to be the record of a conviction and sentence in the Circuit Court of Christian County, Kentucky, of Verne Young on July 22, 1958, for "Storehouse Breaking." The record purports to show allocution and sentence of imprisonment for a period of five years. On the original record the name of the judge is typed thereon, and there appears the following certificate: "I, Durwood Walker, Clerk of the Christian Circuit Court, certify that the above is a true and correct copy of the judgment of conviction in this case of the Commonwealth of Kentucky against Verne Young as appears of record in my office. Witness my hand, this 22nd day of July, 1958." The name of Durwood Walker is typed thereon, and below that in writing appears, "By Mary Ann Brannock," followed by the printed initials "D. C." If there was a seal on the original document it does not show on the photostatic copy offered in evidence. On the reverse side of the photostatic copy, and not as a part of the original document, is typed the following: "This is a true and certified [hole in paper] this Commitment order as it appears on record in this office as of November 9th 1961." There then appears the signature of "H. R. Patterson" and below that is typed "Senior Records Clerk Kentucky State Penitentiary Eddyville, Kentucky." There also appears an impression of a seal of "H. R. Patterson Notary Public State of Kentucky at Large." Exhibit 7 is a photostatic copy of a document entitled "Commutation of sentence" wherein it is shown that on December 3, 1959 a sentence of five years imposed on

Verne Young for "Storehouse Breaking" was commuted "to time served." The original document was signed by "Thelma L. Stovall, Acting Governor Commonwealth of Kentucky," and attested by "Edith M. Whitworth, Secretary of State." If the seal of the Commonwealth of Kentucky was on the original document it does not appear on the photostatic copy, but it appears that there is a place for such seal. On the reverse side of the photostatic copy, and not as a part of the original document, is typed the following: "This is a true and certified copy of this Commutation Order as it appears on record in this office as of November 8, 1961." There then appears the signature of H. R. Patterson with the typed identification as "Senior Records Clerk Kentucky State Penitentiary, Eddyville, Kentucky," and the same notary seal as appeared on Exhibit 8. Exhibit 6 is a photograph of a man with a sign on his chest reading as follows: "Ky State Pen Eddyville Ky 22221 7 22 58." On the reverse side there is typed the name of .Verne Young, and various information which obviously was taken from other records. The "Date of Info" is stated to be November 9, 1961, the date of the certificate on the back of Exhibit 8. At the bottom appears the signature of H. R. Patterson, and typed below it is "Senior Record Clerk."

The habitual criminal statutes do not prescribe how proof of a former conviction shall be made. State v. Baugh, Mo., 323 S.W.2d 685, 690. The record is the best evidence, "plus evidence identifying the accused as the convict." State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1081. However, it is not always possible to produce the original record in court, particularly.when the prior conviction occurred in another state, and in that event the proof of the fact of a prior conviction and sentence must conform to the requirements for the proof of any other fact. Section 1739, 28 U.S.C.A., provides that certain documents which have been authenticated as therein set out shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of the State from which they are taken. Without detailing their deficiencies, it is sufficient to say that none of the three exhibits in this case met the authentication requirements of the above federal statute. However, the federal statute does not prescribe the only basis for the admission in evidence of documents, and a state may by statute provide that in its own courts documents shall be admissible as evidence when attested or authenticated in a prescribed method which may be less formal than that required by the federal law, if such method does not exclude documents authenticated as prescribed by the federal act. State v. Hendrix, 331 Mo. 658, 56 S.W.2d 76, 79. Missouri has done this, and we shall now consider those statutory provisions.

Section 490.130 provides that the records and judicial proceedings of any court of the United States, or of any state, "shall have such faith and credit given to them in this state as they would have at the place whence the said records come," when they are (1) "attested by the clerk thereof, with the seal of the court annexed, if there be a seal," and (2) "certified by the judge, chief justice or presiding magistrate of the court to be attested in due form." There then follows a less exacting provision for the admission into evidence of copies of the record of proceedings of any court of record of this state. Only Exhibit 8 purports to be a copy of the record of a judicial proceeding, and it is readily apparent that it does not meet the minimum requirements of Section 490.130 to be admissible into evidence. The most glaring deficiency is that it is not "certified by the judge * * * to be attested in due form."

In addition to the above statute, Section 490.220 provides that "All records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if attested by the keeper of said record or books, and the

seal of his office, if there be a seal." Exhibits 7 and 8 and the photograph portion of Exhibit 6 purport to be copies of records kept in the office of the Kentucky penitentiary at Eddyville. It would appear that only the photograph was prepared in that office. The other two were prepared someplace else and forwarded to the penitentiary office, and presumably kept there as a part of the penitentiary records.

We need not rule whether under these circumstances Exhibit 8 is a record "not appertaining to a court" because even though it is not, neither it nor either of the other two exhibits qualify for admission into evidence pursuant to Section 490.-220.

The precise question we have here was presented and ruled in State v. Hendrix, 331 Mo. 658, 56 S.W.2d 76. In that case in order to stay the running of the statute of limitations it was essential that the State prove that during a given period of time the defendant was continuously a fugitive from justice and a nonresident of this State, and as proof of that fact the State offered in evidence a certificate of "R. D. Payne, secretary to the warden of the Kansas State Penitentiary," and a document acknowledged by "R. A. Shackleford, Bertillon Expert and Record Clerk." These documents were offered to show that the defendant was in the Oklahoma penitentiary during a certain period and in the Kansas Penitentiary during another period. This court pointed out that "no statute of Oklahoma or Kansas was introduced showing what records, if any, are required by law to be kept by those in charge of the penitentiaries, who is by law required to keep them or what facts are to go into such records." It was then stated that "Even if we might assume that the keeper of a penitentiary must, from the nature of his duties, keep a record of the reception and discharge of prisoners, though no statute commands it * * *, and that his office might therefore be treated without proof as a public office within the meaning

of our statute [Section 490.220], we are still left without any showing that the persons who made the certificates in question were the keepers of the records they purported to attest. The statute requires attestation to be by the keeper of the records or books and the seal of his office, if there be a seal. When the statutory mode of authentication is relied upon, the attestation should comply substantially with the statutory requirements. Where copies of records are offered, it should appear that the officer by whom they purport to be certified had the right to the custody of the records and was the person who had the right to furnish authenticated copies."

The Hendrix case was written before the enactment in 1949 of the Uniform Judicial Notice of Foreign Law Act, Sections 490.-080–490.120, which provides that "Every court of this state shall take judicial notice of the * * * statutes of every state, * * *," and that "Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise." It is not clear that this act applies to criminal proceedings, but an identical act was so applied in State v. Jackovick, 56 Wash.2d 915, 355 P.2d 976. Assuming for the purpose of this opinion that it does, and that the allegation in the information of the previous conviction in Kentucky constituted "notice * * * to the adverse parties * * * in the pleadings," the State did not "present to the trial court any admissible evidence" of the applicable law of Kentucky. Assuming, also, that the offer into evidence of the three exhibits constituted a request that the trial court take judicial notice of the statutes of Kentucky, or that the trial court took judicial notice of the Kentucky statutes without a request, its determination of the law "shall be reviewable," Section 490.100, and our examination of the Kentucky statutes reveals no

mention therein of a "senior record clerk" at the Kentucky Penitentiary at Eddyville, and we find no statute from which it may be inferred that a person by that title is the "keeper" of the records of that institution. On the contrary, from Sections 196.160 and 196.180, Kentucky Revised Statutes 1962, it appears that the "keeper" of the records of the Kentucky State Penitentiary at Eddyville is the superintendent thereof. In the absence of proof of the applicable law of Kentucky, and in the absence of any statute or other rule of law of that Commonwealth, of which we may take judicial notice, which declares or establishes the senior record clerk and not the superintendent to be the "keeper" of the records within the meaning of Section 490.220, we must necessarily conclude that upon the showing made by the State, upon whom the burden rested to establish the admissibility of the exhibits, none of the three exhibits was admissible in evidence pursuant to Section 490.220, or by reason of any other statute including The Uniform Business Records as Evidence Law. Sections 490.660–490.690.

██ We note that most of the information contained on the back of the photograph, Exhibit 6, obviously was prepared by the clerk from other records at the time the exhibit was prepared, and such information constituted his conclusion as to what was shown by those records. "It is not competent, * * * for the certifying officer to certify his conclusion of what the record shows," State v. Hendrix, supra, and that portion of Exhibit 6 was inadmissible for this reason in addition to the other reasons.

██ The record in this case contains no competent evidence from which it may be found as a fact that the defendant had previously been convicted and sentenced for a felony, and therefore he was entitled to have the jury and not the trial court determine the punishment. He was prejudiced by the erroneous procedure followed because the jury may have imposed a lesser punishment than that imposed by the trial court. See State v. Kiddoo, Mo., 354 S.W. 2d 883.

The judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.