STATE of Missouri, Respondent,

v.

Bernard Lason WOLFSKILL, Appellant.

No. 52620.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1967.

Motion for Rehearing or for Transfer to
Court En Banc Denied Dec. 11, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, James J. Sauter, Special Asst. Atty Gen., St. Louis, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant was charged under the habitual criminal statute, Section 556.280 (all statutory references are to RSMo 1959, V.A. M.S.), with the offense of unlawfully selling marijuana. After a jury verdict of guilty the trial court sentenced defendant to ten years imprisonment.

Defendant does not challenge the sufficiency of the evidence, and we need not detail the facts which clearly authorized the verdict of the jury.

Out of the presence of the jury the trial court received evidence of defendant's previous conviction in the United States District Court for the Western District of Missouri for unlawfully selling narcotic drugs. Defendant now contends on this appeal that "there was not sufficient admissible evidence to establish the prior conviction and subsequent imprisonment" because the exhibits received in evidence were not "properly certified and authenticated." He further asserts that for this reason the court erred in not submitting the issue of the punishment to the jury.

Exhibit 5 consisted of a reproduced copy of what is labeled "Judgment and Commitment" of the United States District Court for the Western District of Missouri wherein Bernard Larson Wolfskill is shown to have pleaded guilty to four counts of an information in which he was charged with unlawfully selling narcotic drugs, and that upon his plea of guilty he was sentenced to the custody of the United States Attorney General for a term of three years on each count, the sentences to run concurrently. The document contains the signature of the district judge and the deputy clerk. On an identical copy the name of the district judge and the clerk are typed thereon, and the deputy clerk is shown to have certified the copy to be a "true copy." Exhibit 6 is identical with the document comprising a part of Exhibit 5 containing the certificate of the deputy clerk except on the back thereon the deputy marshal made a return that he had executed "The within Judgment and Commitment" by delivering Bernard Larson Wolfskill to the "U. S. Public Health Service Hospital at Fort Worth, Texas, the institution designated by the Attorney General, with a certified copy of the within Judgment and Commitment." Attached to this document are two photographs of a person not named, but showing a number and the

words, "Federal Correctional Institution, Texarkana, Texas" and the date "9 28 54." There is no contention that these are not photographs of defendant. Attached to and a part of each exhibit is a certificate of General Services Administration, in which it is stated that "the annexed copy (or each of the annexed copies) is a true copy of a record in the legal custody of the Administrator of General Services." Each certificate is signed by the "Chief, Reference Service Branch," and there is then a certification by the "Regional Administrator" that the person who signed as "Chief, Reference Service Branch" was in fact the person holding that position, and that "to his certification as such full faith and credit are and ought to be given."

This was the only evidence from which the circuit court made the necessary findings for the application of Section 556.280, known as the habitual criminal act.

■ The habitual criminal statutes do not prescribe how proof of a former conviction shall be made. State v. Baugh, Mo., 323 S.W.2d 685, 690. Although the original record, "plus evidence identifying the accused as the convict," is the best evidence, State v. Kimbrough, 350 Mo. 609, 166 S.W. 2d 1077, 1081, it is not always possible to produce the original record in court, and in that event proof of the fact of a prior conviction and sentence must conform to the requirements for the proof of any other fact. State v. Young, Mo., 366 S.W.2d 386, 388.

■ Section 1738, 28 U.S.C.A., provides that certain documents which have been authenticated as therein set out shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of the state from which they are taken. Without determining whether this statute applies to a document of a federal court within this state, See 20 Am.Jur., Evidence, § 1017, and without detailing the deficiencies, it is sufficient to say that Exhibits 5 and 6 do not meet the authentication requirements of this federal statute. However, the federal statute does not prescribe the only basis for the admission in evidence of documents, and a state may by statute provide that in its own courts documents shall be admissible as evidence when attested or authenticated in a prescribed method which may be less formal than that required by the federal law, if such method does not exclude documents authenticated as prescribed by the federal acts. State v. Young, supra. Missouri has done this, and we shall now consider those statutory provisions.

■ Section 490.130 provides that the records and judicial proceedings of any court of the United States, or of any state "shall have such faith and credit given to them in this state as they would have at the place whence the said records come" when they are (1) "attested by the clerk thereof, with the seal of the court annexed, if there be a seal," and (2) "certified by the judge, chief justice or presiding magistrate of the court to be attested in due form." There then follows a less exacting provision pertaining to the admission in evidence of copies from the record of proceedings of any court of record of this state. The copy of the judgment and commitment constituting a part of Exhibit 5 is attested by the clerk of the court as a true copy. The reproducing process does not show the impression of a seal, if one appeared on the original copy. However, defendant does not challenge the admission of the record on the basis that there was in fact no seal. There is no certificate by the judge of the court that the document was attested by the clerk "in due form."

■ In McGregor v. Hampton, 70 Mo. App. 98, this precise issue was before the Kansas City Court of Appeals in 1897. There a judgment of a federal court in this state was offered in evidence but was refused because although it was attested by the clerk it was not certified by the judge. After quoting what is now Section 490.130 pertaining to the admission in evidence of

the records and judicial proceedings of "any court of the United States, or of any state," it was held that the statute was not intended to apply to the federal courts of the state in which the record of such court is offered. The reason for the ruling was stated as follows: "The language, 'shall have such faith and credit given to them *in this state* as they would have *at the place whence the said records come,*' plainly implies that the records have come from some other state of the United States. To make it apply to the federal courts of this state, in view of what the certificate of the judge must contain, would be unreasonable. The judge must certify, under this statute, that the clerk's certificate is in due form. It certainly was not intended that the judge of any other court should certify to a judge of a circuit court in this state that a clerk's certificate was in proper form under the laws of this state. It would, of course, be assumed that such judge would be competent to determine that matter for himself." We are in agreement with the above ruling and the reason advanced therefor. When the records of a federal court in this state are offered in evidence in a court of this state the certificate of the judge of the federal court that the attestation of the clerk is in due form is but a formality, and the absence of that formality is not prejudicial to the defendant when the trial court is able to and does make that determination. In this case the ruling of the trial court that Exhibit 5 be admitted in evidence necessarily included a finding that the attestation of the clerk was in due form.

■ Exhibit 6 consisted of a copy of the judgment and commitment, attested by the clerk, and a return on the back thereof by the marshal of the court that defendant had been delivered to the place of confinement designated by the attorney general. This was certified to by the keeper of the records to have been a record of "The Bureau of Prisons, Federal Correctional Institution, Texarkana, Texas." Exhibit 6, pertaining to defendant's confinement, was a record "not appertaining to a court." It was properly attested by the keeper of the records,

and was properly admissible in evidence pursuant to Section 490.220. See State v. Collins, Mo., 394 S.W.2d 368. The confinement at a United States Public Health Service Hospital, when designated as the place of confinement by the attorney general of the United States is sufficient under Section 556.280. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314.

■ Defendant makes no specific contention that Exhibits 5 and 6 show his middle name to be "Larson" while the name under which he was charged was Bernard Lason Wolfskill. There was sufficient other evidence, particularly the first and last names and the photographs, to authorize a finding by the trial court that the records of the previous conviction and confinement pertained to defendant. See State v. Witt, Mo., 371 S.W.2d 215, 220, concerning the effect of a variance in middle names.

We conclude that Exhibits 5 and 6 were properly admitted in evidence, and that from them the trial court could and did find the essential facts for the application of Section 556.280.

■ Defendant's second point is that the trial court erred in refusing to instruct the jury that the uncorroborated testimony of an accomplice should be considered with great caution because State's witness Maurice Danny Herron was an accomplice.

The evidence established that Herron had been a narcotics user, and that he was what is known as an "informer." The evidence also established that while cooperating with and using marked money furnished to him by the police, Herron purchased marijuana from the defendant. Defendant asserts that Section 195.020 provides that it is unlawful to possess marijuana, and that taking possession of the marijuana by Herron was a necessary step in the sale thereof, of which defendant was charged, and therefore Herron was an accomplice. Defendant requested, but the court refused to give, an instruction to the effect that while the testimony of an accomplice is admissible, unless it is cor-

roborated by some other witness not implicated in the crime it should be received and considered with great caution.

■ We should first mention that Herron's testimony was corroborated in most respects. The officers did not see the actual transfer of the marijuana from defendant to Herron, but the circumstances to which they testified corroborated Herron's testimony. However, for the purposes of determining who is an accomplice for the purpose of affecting the right of a defendant upon request to have the jury instructed concerning the credibility of such a witness, the general rule is that "In prosecutions for the sale of articles in violation of statute, the purchaser is not an accomplice of the seller, even though he made the purchase for the special purpose of securing the conviction of the seller." 23 C.J.S. Criminal Law § 798(16). It has specifically been held that "in prosecutions under state statutes for unlawful possession and sale of narcotics, * * * a purchaser from accused is not an accomplice, particularly where the purchase of narcotics is made a separate offense by appropriate statutory provision." 23 C.J.S. Criminal Law § 798(20). See also People v. Candelario, 126 Cal.App.2d 408, 272 P.2d 62; Gonzales v. State, 108 Tex.Cr.R. 253, 299 S.W. 901; Lett v. United States, 10 Cir., 15 F.2d 690; State v. Mangrella, 86 N.J.Super. 404, 207 A.2d 175; Johnson v. State, 36 Ala.App. 634, 61 So.2d 867; State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739. For a case involving the illegal sale of liquor, see State v. Wright, 152 Mo.App. 510, 133 S.W. 664. Also see State v. Lee, 228 Mo. 480, 128 S.W. 987 (overruled by State v. Wade, 267 Mo. 249, 183 S.W. 598, on issue other than that now being considered), where the police officers arranged for a person to gamble at defendant's place with marked money to obtain evidence that defendant was operating a gambling table or device. It was held that "there was no error on the part of the court in refusing to instruct that he [the person who gambled with the marked money] was an accomplice." We conclude that the court did not err in refusing the instruction requested by defendant.

■ In defendant's third and last point he asserts that the trial court erred in refusing his requested instruction as follows:

"If upon a consideration of all the evidence, you conclude that any witness has sworn willfully falsely as to any material matter involved in the trial, you may reject or treat as untrue the whole or any part of such witness' testimony."

Defendant asserts that witness Herron's testimony, upon which the finding of guilt depended, "was greatly suspect" because he had previously been convicted, he was an informer for the federal narcotics bureau, and a federal charge for an unlawful sale of morphine was pending against him. Defendant also points out that Herron testified that he would "do what is necessary," including cheating but not committing perjury, to avoid going to the penitentiary, that he had used marijuana for 18 to 20 years and had been a "hard drug" addict since 1956, and that he last used narcotics only three months before trial. Defendant does not set forth any testimony of Herron which was obviously untrue, or any testimony by him which was in conflict with that of other witnesses.

■ The requested instruction is a form of a cautionary instruction on the credibility of witnesses. It is usually given as a part of a general instruction on credibility, and whether any instruction on credibility of witnesses should be given is largely within the discretion of the trial court. State v. Swisher, 364 Mo. 157, 260 S.W.2d 6; State v. Lord, Mo., 286 S.W.2d 737. However, it is improper to give such an instruction where there is no evidence at all upon which to base it. State v. Abbott, Mo., 245 S.W.2d 876, 881; Annotations, 90 A.L.R. 74; 4 A. L.R.2d 1077. Such discrepancies as there were in the evidence were of minor significance and not pertaining to the principal issue. We doubt that we could rule that it would have been an abuse of discretion on

the part of the trial court to have given the instruction, see State v. Butler, Mo.App., 309 S.W.2d 155, but for the same reason we cannot rule on this appeal that it was an abuse of discretion for the trial court to refuse the requested instruction, certainly when it was limited to the "falsus in uno, falsus in omnibus" clause only.

We have examined those parts of the record required under Supreme Court Rule 28.-02, V.A.M.R. and find no error.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.