**Bill HOLT, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 20576.

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance, for respondent.

GARRISON, Judge.

The Missouri Director of Revenue (Director) appeals from the order of the trial court requiring that a license to operate a school bus be granted to Bill Holt (Respondent).

Respondent's request to renew his license to operate a school bus was denied by the Director "as a result of criminal history information specified under Missouri Revised Statutes Section 302.272.5."[1] Respondent then filed a petition for review in the trial court alleging that the actions relied on by the Director in the denial (the exact nature of which was not identified in the notice of denial or the petition) occurred thirty years earlier. He also alleged that he had previously been granted such licenses, and that a denial would create an economic hardship on him.

In response, the Director alleged that Respondent was convicted of criminal non-support in 1959, and attached a copy of a Criminal History Record. That record indicated that "Billy Holt" was convicted of non-support in Douglas County on April 29, 1959.

In the order appealed from, the trial court recited that, "after hearing the evidence," it found, among other things, that "the actions complained of by Respondent in denying the license to Petitioner herein occurred thirty (30) years ago and that since that time Petitioner has held continuously and for a long period of time, the school bus license" which he sought to renew. It also found that denial of the license created an undue economic hardship on Respondent, was without good cause, and that the actions complained of in denying the license "are so far removed in point of time that they are not relevant to the current fitness and qualification of Petitioner to hold a school bus license."

Director appeals from that order, contending that the trial court erred (1) in setting aside the denial of the license because it was properly based on a conviction of criminal non-support; and (2) in failing to make a record of the evidence heard.[2] We must reverse and remand the case to the trial court because of the latter assignment of error.

Section 302.311 requires that an appeal from the Director's denial of a license be heard by the circuit court *de novo*. Such a provision requires that the circuit court rehear the matter anew. *Boyd v. Director of Revenue*, 703 S.W.2d 19, 22 (Mo.App.W.D. 1985). Section 302.311 also provides that appeals from the judgment of the circuit court may be taken as in civil cases. Section 512.110 requires that a transcript on appeal be filed with the appellate court which contains "all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision" unless the parties agree upon an abbreviated transcript or upon a statement of the case as permitted by § 512.120.[3]

In the instant case, a trial *de novo* was held in which evidence was heard, but no record of the proceedings was kept and the parties have not filed an agreed statement of the case with this court as permitted by § 512.120. Accordingly, we have not been provided a record upon which to make a review and must reverse and remand the case to the trial court to conduct a trial *de novo* on the record. *Vogel v. Director of Revenue*, 804 S.W.2d 432, 434–35 (Mo.App. S.D.1991).

In reaching this conclusion, we refer the parties and the trial court to *Callier v. Director of Revenue*, 780 S.W.2d 639 (Mo. banc 1989). In that case the Director refused to issue a school bus operator's permit to the respondent on the basis of § 302.272.5(2) because he had been convicted of non-support

---

1. All references to statutes are to RSMo 1994.
   Section 302.272.5 provides, in pertinent part:
   5. The director of revenue, to the best of his knowledge, shall not issue or renew a school bus permit to any applicant:
   . . . .
   (2) Who has been convicted ... of any misdemeanor or felony for an offense against the family as defined in chapter 568, RSMo; ... or of any similar crime....

2. Respondent has filed no brief with this court. While no penalty is imposed by statute or rule for this failure, we are left without the benefit of his authorities and arguments. As a result, we are dependent on Appellant's and our own research in deciding the issues. *B.J.H. v. L.H.*, 779 S.W.2d 777, 778 (Mo.App.S.D.1989) (quoting from *Scheble v. Missouri Clean Water Comm'n*, 734 S.W.2d 541, 545 (Mo.App.E.D.1987)).

3. We note that § 512.270 also provides that in any trial *de novo* the judge shall hear, try and determine the matter "with a record of the proceedings being made."

in 1961. Our Supreme Court reversed an order of the circuit court by which the Director had been ordered to issue the permit.

The judgment is reversed and the cause is remanded to the trial court for further proceedings.

BARNEY, P.J., and PREWITT, J., concur.