Bill HOLT, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 22720.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 21, 1999.

**428**

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

**ROBERT S. BARNEY, Judge.**

Appellant Missouri Director of Revenue ("Director"), appeals from the Judgment of the Circuit Court of Douglas County requiring Director to grant Respondent Bill Holt ("Petitioner"), a permit to operate a school bus.[1]

On June 23, 1995, Petitioner's request to renew his permit was refused by Director due to Director's receipt of "criminal history information specified under Missouri Revised Statutes Section 302.272.5." Director claimed that Petitioner was not eligible for a school bus permit due to a conviction for criminal non-support in 1959. Petitioner appealed this decision to the Circuit Court of Douglas County claiming in his petition for review that "[Director's] actions in denying and withholding the license to [Petitioner] creates [sic] an undue economic hardship on Petitioner, and [Director's] actions are without good cause." After the trial *de novo*, the circuit court determined that Director "[had] not produced any evidence of Petitioner's criminal history or convictions which [justified] denial of a school bus permit application...." The trial court further stated, "[t]his Court has searched Court records and found no conviction on [Petitioner]." It therefore ordered Director "to grant the school bus license and permit...." Director appeals this decision.[2]

Our examination of the record reveals that the trial court held a hearing concerning Petitioner's petition for review on October 17, 1996. On that day, the only evidence adduced was Petitioner's testimony. In his testimony, Petitioner related the events surrounding his purported conviction for criminal non-support. He testified that he had been married and had obtained a divorce and was ordered to pay child support. He further testified that he stopped paying child support when he was in a car wreck and was forced to spend an extended period of time in the hospital. Directly following this testimony the following exchange took place:

Q. Okay. And during that period of time then, is that when this nonsupport charge arose?

A. Yes. That's whenever—

Q. And the sum and substance of it is, you served some time in the county jail; is that correct?

A. In Springfield. Didn't have no jail here at that time, and I went to—it was up in Springfield.

Q. Okay. And how long did you serve up there?

---

1. We note that this cause has been before this court twice before. On August 21, 1995, the trial court ordered Director to issue Petitioner a school bus permit. Director's appeal of that judgment was reversed and remanded as we were not provided a record upon which we could make a review. *Holt v. Director of Revenue*, 926 S.W.2d 532 (Mo.App.1996). On remand, following a trial *de novo*, the trial court entered the same decision as now before us, except that it was denominated an "order." Director's appeal of the "order," accompanied this time by a transcript of the trial *de novo*, was dismissed as there was not a sufficient "judgment" on which to base an appeal. *Holt v. Director of Revenue*, 968 S.W.2d 228 (Mo.App.1998).

2. "[Petitioner] has filed no brief with this court. While no penalty is imposed by statute or rule for this failure, we are left without the benefit of his authorities and arguments. As a result, we are dependent on [Director's] and our own research in deciding the issues." *Holt*, 926 S.W.2d at 533 n. 2.

A. They put me in for a year. I don't remember—I didn't serve that long, but I don't remember how long it was.

Following Petitioner's testimony, the court took the matter under advisement.

At its subsequent hearing on May 27, 1997, the trial court observed that Petitioner's counsel had filed a "motion and notice claiming that there is no record of conviction on [Petitioner]." In response, Director introduced an exhibit ("Exhibit B") consisting of a letter from the Missouri Highway Patrol as well as a fingerprint card. (*See* Appendix A hereto). The trial court admitted Exhibit B without objection. However, the trial court ordered the Director "to grant [Petitioner] the school bus license and permit...." This appeal followed.

*Standard of Review.*

Section 302.311, RSMo 1994, sets out that appeals from circuit court decisions regarding petitions for review "may be taken as in civil cases." "[W]e review the judgment of the circuit court rather than the decision of Director, and affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Campbell v. Director of Revenue*, 953 S.W.2d 184, 185 (Mo.App.1997).

> In determining whether court-tried findings of fact are against the weight of the evidence, we will not reweigh the evidence, but rather will determine whether there is sufficient evidence to support the findings, after considering the evidence in the light most favorable to the party prevailing below, giving that party the benefit of all reasonable inferences and disregarding the other party's evidence except as it may support the judgment.

*Callahan v. Director of Revenue*, 878 S.W.2d 826, 827 (Mo.App.1993). "The trial court's judgment is to be affirmed if it is correct under any reasonable theory supported by the evidence." *Id.*

*Discussion and Decision.*

Director denied the renewal of Petitioner's permit to drive a school bus because section 302.272, in pertinent part states:

> 5. The director of revenue, to the best of his knowledge, shall not issue or renew a school bus permit to any applicant:
>
> . . . .
>
> (2) Who has been convicted ... of any misdemeanor or felony for an offense against the family as defined *in chapter 568 ... or of any similar crime....*"
>
> 6. The ... Missouri highway patrol ... shall provide a record of clearance or denial of clearance for any applicant for a school bus permit for the convictions specified in subdivisions (2) and (3) of subsection 5 of this section.

§§ 302.272.5; 302.272.6 (emphasis added).[3] One of the offenses defined in chapter 568 is "criminal non-support," § 568.040, which reads, in pertinent part:

> 1. A person commits the crime of nonsupport if he knowingly fails to provide, without good cause, adequate support for his spouse; a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law.

§ 568.040.1, RSMo 1994.

Initially, we note that Director's denial of Petitioner's permit to operate a school bus was based on section 559.350, RSMo 1959, denominated as "nonsupport of wife or children." In *Callier v. Director of Revenue*, 780 S.W.2d 639 (Mo. banc 1989), Judge Maus, special judge, writing for the Missouri Supreme Court, found that there is no section in the modern chapter 568 that defines "any offense in the precise

---

**3.** Unless otherwise noted, all statutory references are to RSMo Cum.Supp.1996.

terms used in Section 559.350, RSMo 1959" and determined that "[t]he elements of [modern section 568.040] are virtually identical to [that] defined in Section 559.350, RSMo 1959." *Id.* at 644.[4] The Supreme Court therefore held that "[defendant] had been convicted of a 'similar crime' as an offense defined by chapter 568." *Id.* We further note that the prescribed punishment for a violation of section 559.350, RSMo 1959, was "imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars or by both such fine and imprisonment." § 559.350, RSMo 1959.

Returning to the instant matter, the main question before this Court, then, is whether the trial court's decision, that there was not enough evidence to prove that Petitioner had been convicted "of any misdemeanor or felony for an offense against the family as defined in chapter 568 ... or of any similar crime," § 302.272.5(2), was against the weight of the evidence. As noted above, the evidence in the record concerning the alleged conviction is that of Petitioner's testimony and Exhibit B, which was admitted without objection.

▆ Director had the burden to establish that Petitioner had committed the offense entitling Director to refuse to renew Petitioner's bus permit. *See Eaton v. King*, 655 S.W.2d 800, 801 (Mo.App.1983); *see also Campbell*, 953 S.W.2d at 186. As this is a civil case, Director's burden was to prove his case by a preponderance of the evidence, meaning simply that it was more likely than not that Petitioner had

been previously convicted "of any misdemeanor or felony for an offense against the family as defined in chapter 568 ... or of any similar crime." § 302.272.5(2); *see also Vangilder v. Director of Revenue*, 954 S.W.2d 31, 32 (Mo.App.1997); *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 109–10 (Mo. banc 1996).

▆ The original record of a conviction plus evidence identifying the accused as the convict is the best evidence of a conviction. *See State v. Wolfskill*, 421 S.W.2d 193, 195 (Mo.1967); *State v. Young*, 366 S.W.2d 386, 388 (Mo.1963). However, if production of the original record is impossible, the proof of the fact of a prior conviction and sentence must conform to the requirements for the proof of any other fact. *Wolfskill*, 421 S.W.2d at 195; *Young*, 366 S.W.2d at 388.

▆ Exhibit B, as noted above and as reproduced in Appendix A hereto, is a signed fingerprint card from the records of the Missouri State Highway Patrol for "Holt, Billy." This exhibit was admitted without objection, relieving any concern over whether it was admissible as the best evidence of the alleged conviction.[5] A review of Exhibit B shows next to the word "Charge" the entry "H/ Douglas Co(Non Supp". Similarly, next to the word "Disposition" we find the entry "12 mo CJ - Sentenced" and on a second line "Mag.Ct Douglas Co,Mo." We need not decide, however, whether standing alone this evidence would be sufficient to show that Director met his burden as to § 302.272.5(2), since Petitioner also testified concerning his incarceration.[6]

---

**4.** While section 568.040 has been revised from the form it existed in when applied by the *Callier* court, these amendments do not affect our determination. *See* §§ 568.040, RSMo 1986; § 568.040, RSMo 1994.

**5.** While the original record of a conviction plus evidence identifying the accused as the convict is the best evidence of a conviction, *see Wolfskill*, 421 S.W.2d at 195, we note that the Missouri State Highway Patrol is one of the organizations selected by the legislature to "provide a record of clearance or denial of

clearance for any applicant for a school bus permit for the convictions specified in subdivisions (2) and (3) of subsection 5 of [section 302.272]." § 302.272.6.

**6.** We observe that Missouri courts have allowed workhouse, jail and penitentiary records to be presented as evidence of prior conviction. *See State v. Lindner*, 282 S.W.2d 547, 553 (Mo.1955); *State v. Long*, 578 S.W.2d 346, 348 (Mo.App.1979); *State v. Sheets*, 468 S.W.2d 640, 642 (Mo.1971).

Petitioner testified that pursuant to a "nonsupport charge" he served some time in the "county jail." He stated that he served the time "in Springfield" because there was not a jail in Douglas County at the time. Most importantly, he testified that "[t]hey put me in for a year" but that he "didn't serve that long, but [he didn't] remember how long it was." We read this testimony as an admission that Petitioner received a twelve month sentence but was not required to serve the entire twelve months. This coincides with the information in Exhibit B, "12 mo CJ –Sentenced," which we also read as evidence that "Holt, Billy" was sentenced to twelve months in the county jail.[7] Similarly, the entry "H/Douglas Co(Non Supp" next to the word "Charge" in Exhibit B is supported by Petitioner's testimony that following his divorce he paid child support for a while and then stopped paying because he "was in a car wreck and in the hospital for quite a while," that it was at that point that "this nonsupport charge arose," and that it was because of that charge that he served the time in the county jail.

■ From the foregoing, we believe that Director satisfied its burden, and proved by a preponderance of the evidence that Petitioner was previously convicted of "nonsupport of wife or children" under 559.350, RSMo 1959.

"This court is constitutionally bound to follow the decisions of the Supreme Court of Missouri." *Carter v. Carter*, 970 S.W.2d 344, 345 (Mo.App.1998); *see* MO. CONST., art. V, § 2 (1945). We are, therefore, constrained to follow the Supreme Court of Missouri in finding that "[Respondent has] been convicted of a 'similar crime' as an offense defined by chapter 568[, RSMo 1994]." *Callier*, 780 S.W.2d at 644. The judgment of the trial court is against the weight of the evidence. *Hatfield v. Director of Revenue*, 907 S.W.2d 207, 212 (Mo.App.1995). The trial court erred in ordering the Director to renew Petitioner's school bus permit. § 302.272.5(2).

We reverse the judgment and remand the cause to the trial court for its entry of a judgment denying Petitioner's permit to operate a school bus.

MONTGOMERY, P.J., concurs.

PREWITT, J., concurs.

---

7. "It has long been held in Missouri that identity of names is prima facie evidence proof of the identity of the person." *State v. McKinney*, 718 S.W.2d 583, 586 (Mo.App. 1986); *see State v. Ivy*, 710 S.W.2d 431, 434 (Mo.App.1986). "The presumption of identity of person arising from identity of name is prima facie only and is liable to be shaken by the slightest proof of facts or showing of circumstances which produce a doubt of identity." *Ivy*, 710 S.W.2d at 434; *see McKinney*, 718 S.W.2d at 586. No such evidence was presented here.

APPENDIX A

OCT-28-97 11:53 AM  DOUGLAS CO.SHF.DEPT.            FAX NO. 417 ...

# MISSOURI STATE HIGHWAY PATROL
GENERAL HEADQUARTERS              JEFFERSON CITY, MISSOURI

Department....................... SO ...........................................  Address............... Safd.Mo.

Place of arrest........ Douglas Co.Mo.
Date of arrest...... 4-29-59
Charge.. N/ Douglas Co(Non Supp
Disposition........ 12 mo CJ -Sentenced
Mag.Ct Douglas Co.Mo.
Residence...... Ava Mo.
Place of birth.. Ava.Mo.
Nationality..... American
Age 22 .... in 59 Birth date.... 2-13-37
Height..... 5/9.. Hair L BR Build Sml
Weight 138 ...... Eyes Blue .... Comp.Med.
Deformities....
Scars—Marks—Tattoos....

PLACE PICTURE HERE
(OPTIONAL)

Father.. Deceased ............... Age.... Address....
Mother.. Viola Sanders ............ Age 47 .Address. Rt 1 Ava,Mo.
Wife.. Single ................ Age.... Address....
Sister.. Mary Cornatt .......... Age 55 .Address. Ava.Mo.
Brother.. Cecil Holt, .......... Age 33 .Address. Nichols St,Springfield,Mo.
.......................... Age.... Address....
Associate............................ Age.... Address....
.......................... Age.... Address....

| Item Nos. | F.B.I. No. | INSTITUTION | NUMBER | DATE | CHARGE |
|---|---|---|---|---|---|
| | | | 8125 - 1185 | 3 | |

DO NOT WRITE IN THIS SQUARE
Ent'd.......... APR 23 1959
Fin cards........ Cards....
Class............ Class. Kn'd....
Chkd............ Ck for Filing....
Card No....
F.P. Alb....
Ans'd............ MAY 1 1959

R.E. Carthall, Lieutenant
Criminal Records and Identification Division

Signed before me, a Notary - State of Missouri - County of Cole,
this 25th day of April .........., 1997.

Kristina M. Bolin

KRISTINA M BOLIN
NOTARY PUBLIC STATE OF MISSOURI
COLE COUNTY
MY COMMISSION EXP. MAR. 8,2000

26

OCT-28-9T 11:54 AM DOUGLAS CO.SHF.DEPT.

Name HOLT, BILLY

F.P.C. 19.Z

Alias

No. S-17738 Color WHITE Sex MALE

Ref.

RIGHT HAND

| 1. Thumb | 2. Index Finger | 3. Middle Finger | 4. Ring Finger | 5. Little Finger |
|---|---|---|---|---|
| | | | | |

| 6. Thumb | 7. Index Finger | 8. Middle Finger | 9. Ring Finger | 10. Little Finger |
|---|---|---|---|---|
| | | | | |

Officer Signature

Date 4-29-59

NO RECORD
APR 30

Prisoner's Signature

Billy Holt

FOUR FINGERS TAKEN SIMULTANEOUSLY

| Left Hand | L. Thumb | R. Thumb | Right Hand |
|---|---|---|---|