**STATE of Missouri, Plaintiff–Respondent,**

v.

**Paul W. MONROE, Defendant–Appellant.**

No. 23133.

Missouri Court of Appeals,
Southern District,
Division One.

March 31, 2000.

Craig A. Johnston, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for Respondent

KENNETH W. SHRUM, Judge.

A jury found Defendant guilty of the class D felony of driving while intoxicated (DWI), § 577.010. The trial court found Defendant was a persistent DWI offender, § 577.023.[1] Defendant contends on appeal that the trial court erred when it allowed the State to introduce and use his Arkansas DWI convictions as proof that he was a persistent DWI offender. We affirm Defendant's DWI conviction. We reverse Defendant's sentence as a persistent DWI offender and remand for resentencing.

## FACTS

After he was stopped by a sheriff's deputy, Defendant failed field sobriety tests and was noted to have red and watery eyes and slurred speech. The deputy arrested Defendant and took him to the Jasper County jail. After arriving, the deputy read Defendant his *Miranda* rights and interviewed him.[2] In the interview, Defendant admitted driving, drinking alcohol, and that he was "under the influence of an alcoholic beverage." Defendant refused to take a breathalyzer test.

The State charged Defendant as a persistent DWI offender, alleging he had two municipal convictions for DWI, both in the city of Van Buren, Arkansas. In a pretrial hearing, the prosecutor first offered Exhibit 2, a document entitled "Transcript of Judgment" from the Van Buren, Arkansas, municipal court. This exhibit recited, *inter alia*, that Defendant was charged with DWI on July 12, 1998, and pleaded guilty thereto on September 16, 1998. The exhibit also contained the pre-printed word "ATTORNEY" and beside that word was written "Waiver." A pre-printed form entitled "Plea Statement and Waiver of Counsel" was attached to Exhibit 2. This form was filled out and contained what purported to be Defendant's signature and initials. The singular "authentication" of Exhibit 2 was by Donna Parrish, court clerk.[3]

Defense counsel objected to the admission of Exhibit 2, saying it was not "double certified, it's an out-of-state judgment." Thereon, the State proffered Exhibit 1, a document entitled "Certificate of Authentication." This document contained a clerk's "authentication" (signed by Donna Parrish) which recited, among other things, that "the writings annexed ... are true copies of originals on file and of record in said office." Beneath the clerk's authentication, the municipal judge signed to "certify the foregoing authentication by Donna Parrish, Clerk of said Court, to be in due form." In opposing the use of Exhibit 1 as a curative document, defense counsel pointed out that Exhibit 1 did not have "writings annexed" as recited and that the "double certification" document (Exhibit 1) "was obviously sent at a later date than the initial documents." Based on the prosecutor's representation that the phrase "writings annexed" in Exhibit 1 was a reference to Exhibits 2 and 3, the court admitted all three exhibits.

---

1. With one exception, all statutory references are to RSMo 1994. All references to § 577.023 are to RSMo Cum.Supp.1998.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. State's Exhibit 2 was certified thusly:
   "I, Donna Parrish, clerk of the Van Buren Municipal Court, Van Buren, Arkansas do certify that the above and foregoing is a true and correct transcript of the proceedings, orders and judgment of the above entitled cause as shown by the docket of said court.
   "Witness my hand and seal of said Court this *6th* day of *January,* 1999.
   \*s\* Donna Parrish CR
   Municipal Court Clerk"

The additional documentary evidence received on the issue of Defendant's prior convictions was Exhibit 3. This exhibit, which bore the heading "Transcript of Judgment," pertained to a charge of DWI lodged against Defendant on July 9, 1994, to which he pleaded guilty on July 25, 1994. On this exhibit was the pre-printed word "ATTORNEY" and beside it was written, "Waiver." Attached to Exhibit 3 was a pre-printed "WAIVER" form. It had what purported to be Defendant's signature. The municipal clerk's "authentication" of Exhibit 3 was identical to that on Exhibit 2. *See* note 3.

Following Defendant's conviction and resultant judgment, he appealed to this court.

### APPLICABLE LAW REGARDING "DWI" ENHANCEMENT

Section 577.023 provides for enhanced penalties where an accused has prior convictions for "intoxication related traffic" offenses. The statutory definition of an "intoxication related traffic" offense includes "driving under the influence of alcohol ... in violation of ... municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing." § 577.023.1(1). A "persistent offender" under this statute is one who has, *inter alia*, "pleaded guilty to ... two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged." § 577.023.1(2)(a). A person found guilty of DWI pursuant to § 577.010 who also is "alleged and proved to be a persistent offender shall be guilty of a class D felony." § 577.023.3.

### DISCUSSION AND DECISION

Defendant's single point relied on has two parts. In each part, Defendant challenges the sufficiency of the evidence to support the trial court's finding that he was a prior and persistent DWI offender under § 577.023. Defendant says the trial court erred in two respects when it admitted the exhibits offered by the State to prove his status as a persistent DWI offender. We address these claims of trial court error separately.

*Point I(a): Lack of Compliance With § 490.130*

■■■ Defendant initially complains that Exhibits 2 and 3 were inadmissible and not entitled to faith and credit because they did not comply with the requirements of § 490.130, a statute that governs the admissibility of out-of-state court records. In pertinent part, § 490.130 provides:

"The records and judicial proceedings of any court ... of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge ... to be *attested in due form*, shall have such faith and credit given to them in this state as they would have at the place whence the said records come." (Emphasis Supplied.)

Consequently, to be given faith and credit in Missouri courts, foreign judgments must be authenticated; they must bear the attestation and seal of the clerk of the court and the certification of a judge. *See State v. Mashek*, 882 S.W.2d 777, 781 (Mo. App.1994).

■■■ When prior convictions are the basis for enhanced punishment or procedural differences, the state must prove the fact of prior convictions and do so in conformity with applicable statutory requirements for such proof. § 577.023. *See State v. Young*, 366 S.W.2d 386, 388 (Mo.1963). Purported transcripts of foreign judgments are not admissible over objection unless they are authenticated as required by applicable statutes. *State v. Dipley*, 242 Mo. 461, 147 S.W. 111, 116[13] (1912). A court commits reversible error if, despite timely objection, it admits documentary evidence of an accused's convictions that does not meet the minimum requirements of § 490.130. *Young*, 366 S.W.2d at 388.

Here, Defendant points out that a "single attestation and certification" document is not part of Exhibits 2 and 3, that is, the exhibits are "authenticated" by the clerk but lack a "certification" by the judge that the clerk's "attestation" is in "due form." Consequently, Defendant contends that Exhibits 2 and 3 did not meet the minimum requirements of § 490.130 to be admissible into evidence. He argues that even if Exhibit 1 may have met the criteria of § 490.130, it did not cure the deficiencies in Exhibits 2 and 3 nor render them admissible as Exhibit 1 had no attachments. Consequently, he insists the State failed to carry its burden of proving him a persistent DWI offender.

The State concedes that Exhibits 2 and 3 do not have the municipal judge's certification as required by § 490.130. Even so, the State argues that when the exhibits are viewed in their entirety and proper consideration is given to the purpose of the judge's attestation, "it is plain the Arkansas court records are entitled to full faith and credit." To support its position, the State argues:

"It is the clerk of the court who is the legal custodian of records and has the ability and power to certify the correctness of transcripts or copies of court records. *Maroon v. Immigration & Naturalization Serv.*, 364 F.2d 982, 984 (8th Cir.1966). There can be no question that this much was done in this case . . . .

"The purpose of the judge's certification, on the other hand, is to assure officials of a sister state that the clerk's attestation is in 'due form,' § 490.130; that is, that the clerk's certification was proper under the laws of the sending state. *See State v. Wolfskill*, 421 S.W.2d 193, 196 (Mo.1967) . . . .

"The separate certificate of authentication achieves this purpose."

■ We agree with the State's analysis of the purpose for the foreign judge's certification requirement i.e., to assure the receiving state that the foreign clerk's attestation was in "due form" under the laws of the sending state. We do not agree that the separate certification via Exhibit 1 serves that purpose.

As prepared, Exhibit 1 is merely a "generic" certification that the clerk's attestation shown on Exhibit 1 is in "due form." Standing alone, it sheds no light on whether the clerk's attestations on Exhibits 2 and 3 were in "due form." Nor does reading the three exhibits together, as the State urges, solve the problem. This follows because the clerk's attestation on Exhibit 1 is not identical to her attestations on Exhibits 2 and 3. Although the differences do not appear substantive, it cannot be determined, even by looking at all three exhibits, that the attestation forms on Exhibits 2 and 3 are in "due form" under Arkansas law. Under the circumstances, the trial court erred in admitting Exhibits 2 and 3 and relying on them as competent evidence of Defendant's status as a persistent offender. Because the record contains no other evidence of Defendant's prior DWI convictions, the adjudication that Defendant was a persistent DWI offender was erroneous.

■ There remains a question of what direction this court should give the trial court upon remand. Defendant urges this court to grant him a new trial on all issues. Simultaneously, he concedes the existence of case law that runs counter to his request. For example, *State v. Cobb*, 875 S.W.2d 533 (Mo.banc 1994) instructs that when a defendant is improperly sentenced as a persistent offender, an appellate court should reverse the sentence and remand with instructions to allow the state to present whatever evidence it has to prove the defendant's status as a persistent DWI offender. *Id.* at 537. Apparently, Defendant would have this court ignore our constitutionally imposed obligation to follow controlling decisions of the Missouri Supreme Court. Mo. CONST. art. 5, § 2 (1945). This we cannot and will not do. *See State v. Tuter*, 920 S.W.2d 111, 112[1] (Mo.App.1996). We reject Defendant's requests to order a new trial on all issues.

*Point I(b): Failure to Prove Waiver of Counsel in Municipal Cases*

In this part of his argument, Defendant relies on the fact that before a prior municipal DWI conviction can be used for enhancement, it must have occurred in a case where the accused was "represented by or waived the right to an attorney in writing." § 577.023.1; *State v. Girdley,* 957 S.W.2d 520, 524[9] (Mo.App.1997). With that as his premise, Defendant asserts that the copies of the municipal court judgments from Arkansas were not admissible because the State failed to show beyond a reasonable doubt that he had "validly" waived his right to counsel in those cases; consequently, he says the trial court erred when it used his Arkansas convictions to enhance his punishment.

Despite his position on this point, Defendant concedes that the records from Arkansas of Defendant's DWI convictions contain written waiver of counsel forms signed by Defendant. He also concedes that the transcripts of the judgments recite that Defendant waived counsel. Defendant argues, however, that this is not enough. Defendant's theory is that before the records of his Arkansas convictions could be used to enhance his punishment, the State had to prove he had signed waiver of counsel forms in his Arkansas DWI cases that complied with § 600.051.[4]

Defendant cites no Missouri case, and our independent research finds none, imposing that requirement on the use of a plea of guilty to an intoxication-related traffic offense to establish that a defendant is a persistent intoxication-related traffic offender. To the contrary, this court has implicitly held otherwise in analogous cases.

For instance, in *Wilson* we concluded that

"[s]ection 600.051.1 requires a written waiver of counsel to be filed in any criminal case in which a defendant may receive a jail sentence or confinement. *However, no statute or rule provides that a record of a judgment of conviction is void on its face if it does not recite a written waiver or an express wavier.* Neither *Baldasar* nor *Burgett* declares that proof of a conviction that does not contain such a recital is either inadmissible or insufficient. The records in question are not silent on the subject of counsel. They should be construed with consideration given to the nature of the criminal action. Reasonably construed, the records show the defendant was advised of his right to counsel and waived that right and entered a plea of guilty."

684 S.W.2d at 547[5].[5]. (emphasis added).

In *State v. McElroy,* 894 S.W.2d 180 (Mo.App.1995), we held that

"[w]here certified copies of the records concerning prior convictions, *when reasonably construed,* show that a defendant was advised of his right to counsel and waived that right, then the record offered is both admissible and sufficient to invoke the application of the prior offender status. The failure of such a record to recite that the accused voluntarily waived counsel, either expressly or in writing, does not render such record void or insufficient for enhancement purposes."

*Id.* at 187[17]. (citations omitted). *See also State v. Welty,* 729 S.W.2d 594, 602 (Mo.App.1987); *Dover v. State,* 725 S.W.2d 915, 919 (Mo.App.1987).

These cases are authority for our holding that compliance with § 600.051 in the Arkansas cases was not a predicate for using the Arkansas convictions to enhance

**4.** Section 600.051.1 requires a written waiver of counsel in any criminal case in which an accused may receive a jail sentence or confinement. *State v. Wilson,* 684 S.W.2d 544, 547 (Mo.App.1984). Other parts of § 600.051 describe what the waiver must contain.

**5.** The *Baldasar* and *Burgett* cases referenced in *Wilson* are *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) and *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

Defendant's punishment. As in *Wilson*, *Welty*, and *McElroy*, the present record is not silent on the subject of Defendant's waiver of counsel and it reasonably demonstrates waiver. We reject Defendant's arguments to the contrary.

## CONCLUSION

The sentence of Defendant as a persistent DWI offender is reversed. This case is remanded for resentencing with instructions to allow the State to present whatever evidence it has to establish Defendant's status as a persistent offender. If the State on remand proves Defendant is a persistent offender or prior offender, the verdict of guilty of DWI shall remain intact and the trial court shall resentence Defendant. However, if upon remand the State fails to prove Defendant is a persistent offender or prior offender, the trial court is instructed to set aside the verdict and order a retrial.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.