**STATE of Missouri, Plaintiff–Respondent,**

v.

**Anthony MARTINEZ, Defendant–Appellant.**

No. SD 32126.

Missouri Court of Appeals, Southern District, Division One.

June 27, 2013.

Application for Transfer Denied July 12, 2013.

Application for Transfer Denied Oct. 1, 2013.

Thomas D. Carver, Springfield, MO, for appellant.

Chris Koster (Attorney General), Gregory L. Barnes, Jefferson City, MO, for respondent.

Before LYNCH, P.J., RAHMEYER, J., and FRANCIS, J.

PER CURIAM.

Anthony Martinez ("Appellant") appeals his convictions for second-degree domestic assault, first-degree domestic assault, armed criminal action, and a second count of second-degree assault. He was sentenced to ten years on each count, to be served concurrently with each other and concurrently with all other sentences. Appellant brings four claims of error: three related to the statements of the victim as related by a witness and one claiming an insufficient foundation for the exhibits supporting the allegation that Appellant was a prior offender. We find no error and affirm.

Appellant resided and worked with Lourdes Lozada ("Victim"); both are originally from Puerto Rico. On August 16, 2011, the police were called to a disturbance at their home. When the police arrived, Appellant said nothing was going on but Victim had a "startled, scared look on her face" and "also looked like she was a little sweaty." Victim was frantic, crying, grabbing her throat in a choking manner, and pointing to the left side of her lip. Victim tried to pull the officer away from the apartment.

Victim did not speak English so the police went to a neighboring apartment and found a Spanish speaker by the name of Besares, who translated Victim's words for the police. Besares, who also worked with Victim and Appellant, testified to Victim's statements at trial. The police found a second Spanish speaker who translated at the scene for Victim and also testified at trial.

The testimony from the neighbors was that Victim was saying that Appellant had grabbed Victim by the neck, pointed a knife at her, and said he was going to kill her. Victim said that Appellant punched her in the mouth, grabbed her by the neck and threw her in the bathroom, and held her down in the bathroom by the neck until she was about to pass out. She said that her whole body, including her neck and face, hurt.

In contrast to that testimony, at trial, Victim testified that, although she had made those statements, the statements were untrue. Victim further testified that Appellant had threatened to leave Branson and return to Puerto Rico, which was why

Victim was upset. She admitted to an argument but said she had not been physically abused, that she was still with him, and that she had not wanted him arrested. She testified that the allegations she made on August 16th never happened and she did not want Appellant prosecuted.

Three of Appellant's points of error relate to the hearsay testimony of the interpreter: the first, that it was error to admit the hearsay testimony of Besares, and two points claiming that, without the hearsay evidence, there was insufficient evidence to support the counts. Therefore, in order to resolve Points I, III, and IV, we address whether the testimony of Besares was admissible.

 We review the admission of the evidence for an abuse of discretion. *State v. Freeman,* 269 S.W.3d 422, 426 (Mo.banc 2008). Hearsay is an out-of-court statement made by someone other than the testifying witness and offered to prove the truth of the matter asserted. *State v. Douglas,* 131 S.W.3d 818, 823 (Mo.App. W.D.2004). The general rule is that hearsay is not admissible as evidence. To be admissible in this matter, because it was introduced for the truth of the matter asserted, there must be some recognized exception to the hearsay rule. There is no question that the statements of Besares were hearsay. Besares was not a witness to any of the events; rather, she testified to the out-of court statements of Victim. To be admissible, the statements must fall within an exception to the hearsay rule.

The State claimed at trial that the statements were prior inconsistent statements. Appellant counters that Victim did not testify that she never made the statements, she simply claimed the statements were false. Appellant does not set forth partic-

ular statements made by Besares that were or were not made by Victim. The State notes that only one statement of Besares was objected to at trial. In actuality, the question asked was very broad, "did you hear [Victim] make any statements to you about what happened that night?" The court overruled the objection and allowed the statements of Besares.[1] Victim was the first witness at trial. She generally described an argument but stated the physical altercation did not occur and that she was not injured. She ultimately claimed making the statements that were related to the police officers by Besares. She was not questioned about all of the individual statements although she admitted that at the time of the incident she claimed she was choked. She then testified that the statements she made on the day of the incident were false.

 If, as Appellant says, Victim had already admitted to making the statements and thus Besares' testimony was not a prior inconsistent statement, then the statements were also cumulative of admissible evidence. In this court-tried case, the court heard Victim admit to making statements at the time of the incident but did not hear all of the statements. At the time that Besares testified, the court had not heard the complete story of what occurred on the evening of the event. The additional testimony of Besares repeating what she remembered had been said was only partly cumulative of testimony the court heard from Victim and put into context the testimony of Victim. To the extent that the statements were consistent with Victim's testimony, Appellant is correct that the statements were inadmissible as prior inconsistent statements. However, even if it was error to admit any out-of-court statements to prove the elements of

1. The court had conducted an earlier hearing regarding the hearsay testimony because it was unclear whether Victim was going to appear at the trial.

the crime, Appellant must show that the court abused its discretion in allowing the statements.

■ If, on the other hand, all of the elements of the crimes were not testified to by Victim, then the statements made by Besares were properly admitted as prior inconsistent statements. Inconsistent statements are admissible as substantive evidence, and may be used just as soon as the inconsistency appears from the testimony. *State v. Garner*, 14 S.W.3d 67, 71 (Mo.App.E.D.1999). Furthermore, "prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in the hearsay testimony are alleviated." *State v. Steele*, 314 S.W.3d 845, 850 (Mo. App.W.D.2010). Appellant has not and cannot show prejudice in the testimony of Besares, whether the statements were inconsistent with trial testimony or were cumulative of trial testimony. Point I fails.

■ Likewise, Points III and IV fail because the statements, as well as the testimony of Victim, provide sufficient evidence from which reasonable persons could have found Appellant guilty beyond a reasonable doubt of three counts of domestic assault and one count of armed criminal action. Appellant claims there was insufficient evidence that Appellant "injured or attempted to injure or attempted to inflict serious physical injury on [Victim]." The testimony of Victim at the time of the incident was that Appellant had choked her, had hit her in the mouth, had threatened to kill her, and had thrown her in the bathroom and held her down by the neck until she was about to pass out. Victim was taken to the hospital for medical care and had a visible injury on her lip. Point III is denied.

■ Point IV also claims insufficient evidence for the crime of armed criminal action, which requires that Appellant committed the felony of first- or second-degree domestic assault against Victim through the use, assistance, or aid of a dangerous instrument or deadly weapon. Again, the statement of Victim at the time of the incident was that Appellant pointed a knife at her and said he was going to kill her. The court was free to believe the statements made at the time of the incident. Point IV is denied.

■ Appellant claims in his second point that the court erred in admitting State's exhibits 1 and 2, which were used as evidence of Appellant's prior felony convictions in the State of Florida. Appellant claims that the exhibits did not comply with section 490.130, RSMo Cum.Supp. 2001, because they were not certified by the judge, chief justice, or presiding associate circuit judge of the issuing court. Section 490.130 requires, before admission of the out-of-state court records, that they be attested by the clerk of the issuing court and certified by a judge of that court. *State v. Monroe*, 18 S.W.3d 455, 458–59 (Mo.App.S.D.2000). "When prior convictions are the basis for enhanced punishment or procedural differences, the state must prove the fact of prior convictions and do so in conformity with applicable statutory requirements for such proof." *Id.* A court commits reversible error if, despite timely objection, it admits documentary evidence of the accused's convictions that does not meet the minimum requirements of section 490.130. *State v. Young*, 366 S.W.2d 386, 388 (Mo.1963). Appellant claims that he properly objected at the time of trial to the admission of the exhibits and this matter must be remanded for a new sentence. We disagree.

■ The objection at trial was that the documents did not have "proper identi-

fiers." The objection, without "proper identifiers," did not properly alert the court to the claim that Appellant was challenging the lack of the court's signature. Appellant did not claim the documents were without a sufficient foundation.[2]

To preserve an objection to evidence for appellate review, the objection must be specific, and the point raised on appeal must be based upon the same theory presented at trial. A general objection to lack of foundation will not preserve alleged errors because it fails to direct the trial court's attention to the specific foundational element considered deficient. It is incumbent on the objecting party to make the basis of his objection reasonably apparent to the court in order to provide the opponent an opportunity to correct the error and the court to correctly rule on it. Missouri courts strictly apply these principles based on the notion that trial judges should be given an opportunity to reconsider their prior rulings against the backdrop of the evidence actually adduced and in light of the circumstances that exist when the questioned evidence is actually proffered. *State v. Boydston,* 198 S.W.3d 671, 674 (Mo.App.S.D.2006) (internal citations and quotations omitted).

Keeping in mind that this was a court-tried case, if the State had been put on notice that a signature of the Florida court was missing the prosecutor could have attempted to remedy the error at the time. Point II is denied.

The judgment is affirmed.

2. We note that Appellant is not claiming that the improper defendant was identified or that he does not meet the definition of a prior offender.