

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| ANTHONY MARTINEZ, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33627 |
| | ) | |
| STATE OF MISSOURI, | ) | Filed December 29, 2015 |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Carr Woods, Senior Judge

AFFIRMED

Anthony Martinez ("Movant") appeals the denial of his Rule 29.15 post-conviction relief motion alleging ineffective assistance of appellate counsel.[1]  In his sole point on appeal, Movant contends that the motion court clearly erred because his appellate counsel was constitutionally ineffective in failing to assert on direct appeal that there was insufficient evidence to support his convictions for first-degree domestic assault and armed criminal action.  Specifically, he argues appellate counsel should have claimed that there was insufficient evidence in the record that Movant "thrust" a knife at the victim or that Movant intended to cause serious physical injury with a knife.  Finding no merit in Movant's claim, we affirm.

---

[1] All rule references are to Missouri Court Rules (2015).

## **Factual and Procedural Background**[2]

Movant resided and worked with L. L. ("Victim"). Both are originally from Puerto Rico. On August 16, 2011, the police were called to a disturbance at their home. When the police arrived, Movant said nothing was going on, but Victim had a "startled, scared look on her face" and "also looked like she was a little sweaty." She was frantic, crying, grabbing her throat in a choking manner, and pointing to the left side of her lip. Victim tried to pull the officer away from the apartment.

Victim did not speak English so the police went to a neighboring apartment and found a Spanish speaker by the name of Besares, who translated Victim's words for the police. Besares, who also worked with Victim and Movant, testified to Victim's statements at trial. The police found a second Spanish speaker who translated at the scene for Victim and also testified at trial. The testimony from the neighbors was that Victim said that Movant had grabbed Victim by the neck, pointed a knife at her, and said he was going to kill her. Victim said that Movant punched her in the mouth, grabbed her by the neck and threw her in the bathroom, and held her down in the bathroom by the neck until she was about to pass out. She said that her whole body, including her neck and face, hurt. Victim was taken to the hospital for medical care and had a visible injury on her lip.

In contrast, Victim testified at trial that, although she had made the above statements, the statements were untrue. Victim further testified that Movant had threatened to leave Branson and return to Puerto Rico, which was why Victim was upset. She admitted to an argument but said she had not been physically abused, that she was still with him, and that she had not wanted

---

[2] In *State v. Martinez*, 407 S.W.3d 669 (Mo.App. 2013), this Court affirmed Movant's convictions of second-degree domestic assault, first-degree domestic assault, armed criminal action, and a second count of second-degree assault. We borrow freely from that opinion without any further attribution.

him arrested. Victim testified that the allegations she made on August 16 never happened and she did not want Movant prosecuted.

Movant was charged in an amended information as a prior and persistent offender with first-degree domestic assault, *see* section 565.072, RSMo Cum.Supp. 2010; armed criminal action, *see* section 571.015, RSMo 2000, based upon the first-degree domestic-assault charge as the predicate offense; and two counts of second-degree domestic assault, *see* section 565.073, RSMo 2000. Following a bench trial, Movant was found guilty of all charges and sentenced to ten years' imprisonment on each count, to be served concurrently with each other and concurrently with all other sentences.

On direct appeal, Movant was represented by Thomas D. Carver. Carver brought four claims of error on appeal, three of which are relevant to this action. Those three points of error related to the hearsay testimony of the interpreter: one point claiming that it was error to admit the hearsay testimony of Besares (Point I), and two points claiming that, without the hearsay evidence, there was insufficient evidence to support the assault counts (Point III) and to support the armed criminal action count (Point IV).

Ultimately, Movant's convictions were affirmed by this court in *State v. Martinez*, 407 S.W.3d 669 (Mo.App. 2013). This court found no error in the trial court's admission of Besares's testimony and held that "the statements, as well as the testimony of [Victim], provide sufficient evidence from which reasonable persons could have found [Movant] guilty beyond a reasonable doubt of three counts of domestic assault and one count of armed criminal action." *Id.* at 673.

Movant filed a *pro se* Rule 29.15 motion for post-conviction relief. Counsel was appointed and filed an amended motion.[3] Movant's amended Rule 29.15 motion stated:

> Appellate counsel, Thomas Carver, was ineffective for failing to raise on appeal that the evidence was insufficient to support movant's conviction for first degree assault as alleged in count two of the amended information. The evidence was insufficient to prove that movant had the specific intent to kill or cause serious physical injury to [Victim]. As a result, the evidence was also insufficient to support the related Armed Criminal Action charge.[4]

Movant's principal argument was that:

> Reasonably competent counsel, upon reviewing the record in this matter, would have recognized that there was no evidence presented that movant "thrust" a knife at [Victim] as alleged in the amended information and that the evidence presented regarding the use of the knife during the incident did not support a conviction for first degree assault, domestic or otherwise, based on the previous court precedent and upon such realization such competent counsel would have included a claim of insufficient evidence to support the convictions for first degree domestic assault and the related armed criminal action. There is a reasonable probability that had counsel raised this issue on direct appeal, that the outcome of the appeal would have been different and movant's convictions and sentences for these offenses would have been reversed. Counsel had no reasonable strategic reason for failing to raise a claim of sufficiency of the

---

[3] Our supreme court compels us, in ***Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015), to examine the timeliness of motions for post-conviction relief, regardless of whether the issue of timeliness was raised by the parties. Here, we issued our mandate affirming Movant's convictions on October 2, 2013. Movant then filed his *pro se* motion on December 30, 2013, one day before the Rule 29.15(b) ninety-day deadline.

Rule 29.15(g) delineates the timeline for the filing of an amended motion:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

As previously stated, mandate issued on October 2, 2013. On Movant's behalf, counsel entered both an appearance and a motion for thirty-day extension on February 27, 2014. By order filed March 6, 2014, the motion court granted the extension. Movant thereafter filed his amended motion on May 28, 2014, the last day of his extended ninety-day deadline following February 27, 2014.

[4] Movant makes no claim related to the insufficiency of the evidence for the armed criminal action count other than to argue that if the evidence was insufficient to support its predicate offense—first-degree assault—then the evidence was necessarily insufficient to support it. For this reason, we need only address Movant's claim related to the first-degree assault count. If it fails, the armed criminal action count fails. Likewise, if it stands, the armed criminal action count stands.

4

evidence on direct appeal especially since those were the only two offenses which carry statutory mandatory parole restrictions.

The motion court held an evidentiary hearing on Movant's amended motion. There, Carver provided the sole testimony. The motion court also received in evidence a copy of Carver's appellate brief and the amended felony information. Carver testified that he had not included a point challenging Movant's specific intent to kill or cause serious physical injury to Victim, but that he did "write two sufficiency arguments in the brief." Carver did not analyze or examine the specific aspect of the sufficiency claim that Movant alleged in his amended motion, and he did not give any strategic reason for not raising the issue.

On cross-examination by the state, Carver stated that he has handled "somewhere between 50 and 100" appeals in state and federal court, that it is his general practice to limit his appellate briefs to the strongest claims, and he had included what he believed to be the strongest claims in Movant's appellate brief. Carver had no particular reason not to state the sufficiency argument in the specific manner that Movant advanced, other than neglect. Finally, discussing his briefing strategy, Carver stated:

> I did make sufficiency arguments on–on two occasions in there, but they were tied to the inadmissibility of the hearsay that was allowed at trial. And I guess my thinking was that had the hearsay not been admitted then there would have been insufficient evidence to support a conviction and you know I–you know, presumably you could extrapolate to the point of saying that that would include every other possible consideration. But the truth is I did not consider that specific issue.

In its "Findings of Fact, Conclusions of Law and Judgment" denying Movant's Rule 29.15 motion, the motion court found that "Carver clearly challenged the sufficiency of the evidence, albeit for different reasons than the ones that the Movant sets out in his Amended Motion, in addition to the other points on appeal that are not discussed in Movant's Motion." The motion court found that appellate counsel raised four issues on appeal, including sufficiency

5

as to first-degree assault and armed criminal action, and pursued those claims through unsuccessful applications for transfer to the supreme court. Citing to applicable cases, the motion court stated that "[a]ppellate counsel has no duty to assert every possible issue on appeal. Appellate counsel is expected to use his professional judgment in selecting and presenting the strongest contentions of error."

In addition, the motion court held that no prejudice resulted from Carver's failure to raise additional sufficiency arguments on appeal.

> Movant was not prejudiced by appellate counsel's failure to raise these additional sufficiency points on appeal, as despite counsel not raising those points, the Southern District still found, ". . . the statements, as well as the testimony of the [Victim], provide sufficient evidence from which reasonable persons could have found [Movant] guilty beyond a reasonable doubt of three counts of domestic assault and one count of aimed criminal action." *State v. Martinez*, 407 S.W.3d 669, 673 (Mo. App. S.D. 2013).

In conclusion, the motion court held that "[w]hen viewed in a light most favorable to the verdict and when viewed in light of the Movant's appellate brief and Southern District's opinion, any further points related to sufficiency of the evidence would have been fruitless." This appeal timely followed.

**Standard of Review**

This court's review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). Such findings and conclusions are considered clearly erroneous only if a full review of the record leaves us with "a definite and firm impression that a mistake has been made." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (internal quotations omitted). It is incumbent upon the movant in a post-conviction motion to prove his or her claims for relief by a preponderance of the evidence, Rule 29.15(i), and this court presumes that the motion court's findings and

6

conclusions are correct. *McLaughlin v. State*, 378 S.W.3d 328, 336-37 (Mo. banc 2012). We will defer to the motion court's determinations of credibility, and the motion court is free to believe all, part, or none of the witnesses' testimony. *Zink*, 278 S.W.3d at 192.

### Discussion

In order to prevail on a post-conviction motion alleging ineffective assistance of counsel, a movant must overcome a strong presumption of competence and demonstrate, by a preponderance of the evidence, that (1) counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances, and (2) counsel's failure to exercise such skill and diligence prejudiced the movant in some way. *Strickland v. Washington*, 466 U.S. 668, 687, 689, 104 S.Ct. 2053, 80 L.Ed.2d 674 (1984); *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). To satisfy the performance prong, a movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). In order to demonstrate the requisite prejudice, a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. *Strickland* defines "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.* In reviewing such claims, we are not required to examine both prongs; if a movant fails to satisfy the performance prong, we need not consider the prejudice prong, and vice versa. *Strickland*, 466 U.S. at 697; *State v. Sanders*, 738 S.W.2d 856, 857 (Mo. banc 1987).

The standard for reviewing a claim of ineffective assistance of appellate counsel is essentially the same standard that applies to trial counsel, in that movant must establish that counsel failed to provide competent assistance and movant was thereby prejudiced. *Storey v.*

7

*State*, 175 S.W.3d 116, 148 (Mo. banc 2005). Where a claim is made that appellate counsel was ineffective, in order to prevail on that aspect, the record must show that "counsel failed to raise a claim of error on appeal that a competent and effective lawyer would have recognized and asserted. The movant must show that the claimed error [was] sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." *Sykes v. State*, 372 S.W.3d 33, 41 (Mo.App. 2012) (quoting *Johnson v. State*, 330 S.W.3d 132, 142 (Mo.App. 2010)) (internal quotations omitted). Appellate counsel has the discretion to pick and choose claims to maximize the likelihood of success on appeal. *See Sykes*, 372 S.W.3d at 41.

In his sole point relied on, Movant claims that Carver rendered ineffective assistance in failing to assert an insufficiency-of-the-evidence challenge to Movant's convictions for first-degree domestic assault and armed criminal action[5] because there was no evidence that Movant "thrust" a knife at Victim's throat, as alleged in the amended information, only evidence that he "pointed" a knife at her throat, and that there was no evidence of Movant's intent to cause serious physical injury with a knife. Consequently, he alleges, there is a reasonable probability that this court would have reversed his conviction if Carver had made such a claim.

The state contends that "[b]ecause the Court of Appeals would still have found the sufficiency-of- the-evidence claim meritless, even in [Movant's] mutated form, there was neither deficient performance nor prejudice, and the motion court's ruling is not clearly erroneous." We agree.

Movant's first claim—there was no evidence that Movant "thrust" a knife at Victim's throat—presupposes and assumes without any support that such evidence was a required element of the first-degree assault offense. It was not. In order to convict him of first-degree domestic

---

[5] *See* footnote 4.

assault, the state was not required to prove that Movant "thrust" a knife at Victim, as opposed to pushing, beating, choking, and, as conceded by Movant in his brief, "pointing a knife" at her. A conviction for first-degree domestic assault does not require that the assault itself be committed with a deadly weapon, but rather only that the actor knows that the force used creates a substantial risk of serious physical injury. *See* section 565.072.1; *see also* **State v. Carlock**, 242 S.W.3d 461, 465 (Mo.App. 2007) (asphyxiation from being choked could have resulted in death or serious physical injury).

Any additional language in the information regarding the manner in which Movant used the knife was surplusage that the state was not required to prove. "[S]o long as the act proven falls within the statutory definition and the charging document informs the accused of that charge, inclusion of details of the commission of the offense is mere surplusage." **State v. Bradshaw**, 411 S.W.3d 399, 403 (Mo.App. 2013).

As this court noted on direct appeal, Movant did not merely hold a knife to Victim's throat. In addition, the evidence supported that Movant "punched her in the mouth, grabbed her by the neck and threw her in the bathroom, and held her down in the bathroom by the neck until she was about to pass out," causing her whole body to hurt. **Martinez**, 407 S.W.3d at 671. As demonstrated to the trial court and reviewed by this court on direct appeal, the evidence was sufficient to convict Movant of first-degree domestic assault. Any failure of appellate counsel to assert insufficiency of the evidence that Movant "thrust" a knife at Victim's throat did not affect the outcome of the direct appeal because the intent element of the first-degree assault count was otherwise supported by sufficient evidence.[6] *See* **Glover v. State**, 225 S.W.3d 425, 429 (Mo.

---

[6] When stripped of its insufficiency-of-the-evidence cloak, Movant's argument under this point is essentially a complaint that the evidence at trial varied from the facts alleged in the information. *See* **State v. Barnes**, 312 S.W.3d 442, 443 (Mo.App. 2010) (a variance claim is one that professes a difference between the facts alleged in the information and the facts proven at trial). Movant has waived, however, any post-conviction claim that trial

9

banc 2007) (citation omitted) (holding that appellate counsel cannot be deemed ineffective for failing to raise a non-meritorious claim on appeal).

Similarly, Movant's second claim—there was no evidence of Movant's intent to cause serious physical injury with a knife—would not have affected the outcome of Movant's direct appeal.

> The specific intent element is generally shown by circumstantial evidence, as it is not readily susceptible to proof by direct evidence. Intent may be inferred from surrounding facts, such as evidence of defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct, as well as the type of weapon used, manner and circumstances under which it is used, results, and other relevant factors.

*Bryant v. State*, 316 S.W.3d 503, 509 (Mo.App. 2010) (quoting *State v. Mann*, 129 S.W.3d 462, 466 (Mo.App. 2004), but omitting internal citations and quotation marks). Here, the circumstances shown by the evidence were that Movant punched Victim in the mouth causing a visible injury to her lip, grabbed her by the neck and threw her in the bathroom, and held her down in the bathroom by the neck until she was about to pass out. Victim said that her whole body, including her neck and face, hurt. In addition, Movant grabbed Victim by the neck, pointed a knife at her, and said he was going to kill her. This last statement by Movant is direct evidence of his specific intent to commit serious physical injury to Victim with the knife he had pointed at her, and considered with the other corroborating surrounding circumstances viewed in the light most favorable to Movant's guilt was sufficient evidence to support the trial court's determination that Movant had the specific intent to commit serious physical injury with the knife. *See State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990) (evidence showing that

---

counsel or appellate counsel was ineffective for not pursuing a variance claim at trial or on appeal because such a claim was not asserted in his amended motion. Because a failure to file a timely Rule 29.15 motion for post-conviction relief is a "a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15," Rule 29.15(b), any claim that could have been asserted in a timely filed motion, but was not, is necessarily included within that waiver. "If a claim could have been raised in a Rule 24.035 or Rule 29.15 motion but was not raised, the movant waives that claim[.]" *Gehrke v. State*, 280 S.W.3d 54, 59 (Mo. banc 2009).

10

defendant threw the victim to the floor, told the victim to "shut up or I will stab you," and cut the victim without causing serious physical injury was sufficient to show intent to cause serious physical injury).[7] Therefore, appellate counsel's assertion of a claim on appeal otherwise would have been unavailing. *See Glover*, 225 S.W.3d at 429 (holding that appellate counsel cannot be deemed ineffective for failing to raise a non-meritorious claim on appeal).

The motion court found that "[w]hen viewed in a light most favorable to the verdict and when viewed in light of the Movant's appellate brief and Southern District's opinion, any further points related to sufficiency of the evidence would have been fruitless." From the above and foregoing, we are not left with a definite and firm impression that the motion court's finding was a mistake and, therefore, such finding was not clearly erroneous. Finding no clear error, Movant's point is denied.

## Decision

The motion court's denial of Movant's Rule 29.15 motion for post-conviction relief is affirmed.

GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, Jr., J. – concurs

---

[7] Movant's primary reliance upon *State ex rel. Verweire v. Moore*, 211 S.W.3d 89 (Mo. banc 2006), to support this claim is misplaced. The *Verweire* court expressly distinguished the facts there, where the defendant caused no injury to the intended victim, from those cases like *White*, where a "defendant attempted to cause serious physical injury but only minor injury resulted from his actions." *Verweire*, 211 S.W.3d at 92. Here, the visible injury to Victim's lip and her statement that her whole body hurt, including her neck and face, were sufficient evidence from which a reasonable factfinder could conclude, as found in *White*, that Movant attempted to cause serious physical injury to Victim but only minor injury resulted from his actions.

11